IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LAURA ACHTERBERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:16-cv-06097-DGK |
| | ) |
| ALBAUGH, LLC, | ) |
| | ) |
| EMPLOYER SOLUTIONS STAFFING GROUP II, LLC, and | ) |
| | ) |
| LABTECH SPECIALTY STAFFING COMPANY, | ) |
| | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

Pending before the Court is the Parties' Joint Motion for Protective Order (Doc. 18), filed pursuant to Federal Rule of Civil Procedure 26(c). Adopting the parties' joint request, the Court GRANTS the motion and ORDERS as follows:

The parties agree that in making initial disclosures and during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert, in support of their request, that protection of the identified categories of confidential information is necessary because plaintiff, Laura Achterberg, has alleged USERRA violations and wrongful termination against Albaugh, LLC, Employer Solutions Staffing Group II,

LLC, and Labtech Specialty Staffing Company. Said claims relate to Plaintiff's employment with Defendant(s) and involves Defendants' internal business operations. Given the nature of Plaintiff's claims, confidential personnel and employment records, medical records and information, confidential business records, and/or other proprietary information is likely to be sought by the parties. Disclosure of such information may violate the privacy of third parties and employees who have not authorized public disclosure of such information, and/or may include disclosure of confidential or proprietary information of the parties.

1. **Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Protective Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Protective Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Definition of Confidential Information.** As used in this Protective Order, "Confidential Information" is defined as information that the producing party designates in good faith and has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.

For purposes of this Protective Order, the parties intend to limit their designation of "Confidential Information" to the following categories of information or documents: (1) non-public confidential information relating to Defendants' business, financials, marketing, sales, policies and procedures; (2) personal and financial information regarding Plaintiff,

2

Defendant, and/or third parties; (3) Defendant's personnel records, including the personnel files of Defendant's employees who are not, and are not expected to be, parties to this action; (4) Defendant's confidential, proprietary information and trade secrets; (5) Plaintiff's medical and/or military records; and (6) any contracts or service agreements between Defendants. Information or documents that are otherwise available to the public may not be designated as Confidential Information.

By listing these particular categories of information, no party waives its right to object to the production of such information/documents or to designate other documents as confidential. The parties have the right to designate as "Confidential" any documents they believe, in good faith, include the information as described in the paragraph above.

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information, and therefore subject to protection under this Protective Order, by marking or placing the words "CONFIDENTIAL" and/or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a

designated document as confidential, the designating attorney, or the party appearing *pro se*, thereby certifies that the document contains Confidential Information as defined in this Protective Order.

    **4.** **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Protective Order, so long as a claim of confidentiality is asserted within fourteen (14) days after discovery of the inadvertent failure.

    **5.** **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within fourteen (14) days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected. There shall be no need to re-designate documents or exhibits which have been previously designated as Confidential Information.

    **6.** **Protection of Confidential Material.**

        **(a)** **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals arising therefrom.

        **(b)** **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

        (1) Parties, and counsel for the parties, who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, legal assistants and employees or agents of such counsel, to the extent reasonably necessary to render professional services to the litigation;

        (2) The court and court personnel, including any special master

appointed by the court, and members of the jury;

(3) Court reporters, recorders, and videographers engaged for depositions;

(4) Any mediator appointed by the court or jointly selected by the parties;

(5) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

(6) Any potential, anticipated, or actual fact witness and his or her counsel;

(7) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(8) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(9) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Protective Order.

7. **Filing of Confidential Information.** In the event a party seeks to file any document containing Confidential Information subject to protection under this Protective Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate or impractical, seeking permission to file the document under seal.

Nothing in this Protective Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Attorneys appearing *pro hac vice* must obtain sealed documents from local counsel.

8. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Protective Order.

9. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Protective Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10.    Order Remains in Effect on Conclusion of Litigation.** Unless otherwise agreed or ordered, all provisions of this Protective Order will remain in effect and continue to be binding after conclusion of the litigation.

**11.    Order Subject to Modification.**   This Protective Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**12.    No Prior Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Protective Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**13.    Persons Bound by Protective Order.** This Protective Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Protective Order by its terms.

**14.    Jurisdiction.** The court's jurisdiction to enforce the provisions of this Protective Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Protective Order.

**15.    Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**16. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**17. Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered

Confidential Information under this Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or to estop that party, or the privilege holder, from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within seven (7) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Protective Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

18. **No Waiver**

It is agreed upon and understood by all parties that by submitting this Protective Order to the Court and by agreeing to be bound by the same, no party is waiving any right to object to the discoverability or admissibility of the documents or categories of documents or information mentioned herein.

**IT IS SO ORDERED.**

                                                    /s/ Greg Kays
                                                    GREG KAYS, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT

DATED: October 18, 2016