# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| LAURA ACHTERBERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 5:16-CV-06097-DGK |
| | ) |
| ALBAUGH, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTIONS IN LIMINE

This action arises out of Plaintiff Laura Achterberg's ("Achterberg") work assignment at Defendant Albaugh, LLC's ("Albaugh") plant. Achterberg claims she was wrongfully terminated after she returned from training with the U.S. Army Reserves. Achterberg sued Albaugh, Employer Solutions Staffing Group II, LLC ("ESSG"), and Labtech Specialty Staffing Company ("Labtech"), for violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq.*, and wrongful termination in violation of public policy under Missouri common law. Defendants ESSG and Labtech have settled with Plaintiff (Doc. 103), and only Albaugh remains for trial.

Now before the Court are the parties' motions in limine. The Court has reviewed Plaintiff's Motion in limine (Doc. 77), Albaugh's response (Doc. 81), and Plaintiff's supplement (Doc. 110). The Court has also reviewed Albaugh's motion in limine (Doc. 73) and Plaintiff's response (Doc. 84). The Court rules as follows:

I. **Plaintiff's Motion in limine (Doc. 77).**

1. **Evidence that Albaugh hires veterans or servicemembers is admissible.**

Plaintiff moves to exclude evidence concerning Albaugh's track record of hiring veterans or servicemembers. Plaintiff argues this evidence is inadmissible character evidence, under Fed. R. Evid. 404(a)(1). Albaugh states this evidence is relevant to rebut Plaintiff's claim that it acted with improper intent and motive when it terminated Plaintiff.

The Court finds evidence that Albaugh has hired other veterans or servicemembers is relevant as circumstantial evidence to rebut Plaintiff's allegation that it had an improper motive or intent when it terminated Plaintiff. Accordingly, Plaintiff's motion is DENIED.

2. **Evidence that Tabatha Proffit's husband served in the Navy is excluded.**

Plaintiff moves to exclude evidence that Tabatha Proffit's ("Proffit") husband served in the Navy. Proffit was Plaintiff's direct supervisor and one of two individuals at Albaugh who decided to terminate her. Plaintiff argues this evidence is not relevant or is impermissible propensity evidence under Fed. R. Evid. 404. Albaugh argues this evidence is circumstantial evidence that supports its position that it did not act with improper intent or motive when it terminated Plaintiff.

The Court finds this evidence is not relevant and thus, Plaintiff's motion is GRANTED.

3. **Evidence of Plaintiff's employment prior to working at Albaugh is admissible.**

Plaintiff seeks to exclude evidence of employment prior to working for defendants because she argues it is impermissible propensity evidence under Fed. R. Evid. 404. Albaugh argues this evidence is relevant to rebut Plaintiff's claim of emotional distress because it alleges Plaintiff was previously terminated from at least one other job.

The Court finds evidence of Plaintiff's previous employment is relevant to Plaintiff's claim of emotional distress, thus, Plaintiff's motion is DENIED.

**4. Evidence of Plaintiff's employment from June 20, 2016, forward is admissible.**

Plaintiff seeks to exclude evidence of her employment beginning on June 20, 2016, when she secured new employment, because she is not making a claim for lost wages beyond this date. Albaugh states that while Plaintiff does not seek lost wages after this date, she does not limit her damages for emotional distress, humiliation, frustration, anxiety, and grief to this timeframe. Albaugh argues that this evidence is relevant to Plaintiff's claim for the emotional distress damages because it may show there was a superseding or intervening event, such as a subsequent employment termination, that should place a temporal limit on the scope of Plaintiff's alleged emotional distress.

The Court finds this evidence is relevant to rebut Plaintiff's claims for emotional distress damages. Plaintiff's motion is DENIED.

**5. Any evidence that Plaintiff was fired by any employer other than defendants is admissible.**

Plaintiff seeks to exclude evidence that she was fired by any other employer because it is inadmissible propensity evidence. Albaugh argues this evidence is relevant to rebut Plaintiff's claims for emotional distress, in that, showing Plaintiff has been fired, either before or after she was fired from Albaugh, is relevant to the extent and amount of emotional distress damages attributable to her termination from Albaugh.

The Court finds this evidence is relevant to rebut Plaintiff's claims for emotional distress damages. Plaintiff's motion is DENIED.

**6. Deposition exhibit 3 (no bates number) is excluded.**

Albaugh does not oppose this request, and this portion of the motion is GRANTED.

**7. Any evidence and argument that Plaintiff was a "temporary" employee with less rights than other employees, is partially admissible.**

Plaintiff seeks to exclude any reference that she was a temporary or "temp" employee with less rights than other employees. The parties agree that under USERRA, Albaugh was Plaintiff's employer. Plaintiff argues the jury could be confused by the terminology "temporary employee." Plaintiff also seeks to exclude any evidence that Plaintiff had less rights than an employee employed directly by Albaugh.

Albaugh argues describing Plaintiff as a temporary employee is proper because she was, in fact, a temporary employee who accepted a position at Albaugh that was called "temp to hire."

The Court finds that because Plaintiff was a temporary employee and her position was a temp to hire position, references to Plaintiff as a temporary employee is admissible. However, argument or references that this status entitled Plaintiff to "less rights" under USERRA than an employee hired directly by Albaugh, is excluded. Thus, Plaintiff's motion is GRANTED IN PART.

**8. Any reference to settlement discussions or participation in mediation is excluded.**

Albaugh does not oppose this request, and this portion of the motion is GRANTED.

**9. Evidence of dismissed parties is excluded.**

In the event one or more defendants are voluntarily dismissed prior to the trial, Plaintiff seeks to exclude evidence of the voluntarily dismissal or that a settlement was reached with those defendants. Defendants argue this evidence is relevant so that the jury can consider the fact of a settlement and apply an offset to any damages it may award against Albaugh.

The Court finds evidence, argument, or reference to parties voluntarily dismissed or who have entered into a settlement with Plaintiff is not relevant and thus, excluded. Plaintiff's motion is GRANTED.

**10. Evidence of Plaintiff's application for unemployment benefits and the results of that application are excluded.**

Plaintiff seeks to exclude evidence that she applied for and received unemployment benefits after she was terminated from Albaugh. She argues this evidence is not relevant and even if certain amount of her benefits could be used to offset any award she may receive in this case, the Court should make that determination, not the jury. Albaugh argues unemployment benefits should be deducted from the award of back pay and so they should be entitled to present evidence of the benefits Plaintiff received.

The Court finds evidence of Plaintiff's application for unemployment benefits and the results of that application including the amount of unemployment benefits she received is not relevant and thus, excluded. If Plaintiff prevails on her claim, the Court will consider whether the amount of unemployment benefits received will be deducted from her damages award. Plaintiff's motion is GRANTED.

**11. Any personal attacks against Plaintiff's counsel, such as blaming Plaintiff's counsel for the jury being present or suggesting that the lawsuit is lawyer driven is excluded.**

Albaugh does not oppose this request, and this portion of the motion is GRANTED.

**12. Argument, evidence or suggestion that the lawsuit is "all about money," akin to the "lottery," "rolling dice," "Powerball," "gambling," or similar comments is excluded.**

Albaugh does not oppose this request, and this portion of the motion is GRANTED.

**II. Albaugh's Motion in Limine (Doc. 73).**

**1. Evidence relating to the administrative proceeding filed by Plaintiff with the United States Department of Labor, Veterans' Employment and Training Service ("DOLVETS") is partially admissible.**

Albaugh seeks to exclude evidence and references to facts and documents generated as part of the administrative proceeding Plaintiff filed with DOLVETS, because this information has limited probative value, there is a danger of unfair prejudice, and it contains inadmissible hearsay. Plaintiff responds that she does not intend to offer any findings, conclusions, or opinions made by the DOLVETS investigator. She states, however, that Albaugh made statements during the DOLVETS investigation, including emails and factual statements made by employees, that are highly relevant and not inadmissible hearsay.

The Court finds evidence of any findings, conclusions, or opinions made by the investigator are excluded. *See Johnson v. Yellow Freight Systems, Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984) (finding district court did not abuse its discretion in refusing to admit reports from the EEOC in a § 1981 case). However, Albaugh's statements it made during the investigation are admissible. Albaugh's motion is GRANTED IN PART.

**2. Evidence relating to any alleged "whistleblower" activity undertaken by Plaintiff is excluded.**

Plaintiff does not oppose this request, and this portion of the motion is GRANTED.

**3. Evidence of discipline applied against Albaugh full-time employee who failed to report out-of-specification results several years ago is excluded.**

Albaugh seeks to exclude evidence of the discipline applied to an Albaugh employee who failed to report and out-of-specification result several years before Plaintiff did so. Defendant argues this employee is not a similarly situated employee who is an appropriate comparator and

thus the probative value of this evidence is outweighed by the risk of confusion of the issues and unfair prejudice to Albaugh.

The Court addressed this issue at summary judgment and found:

> [T]he Albaugh employee is not a similarly situated because this individual was an employee of Albaugh, not a staffing company, and had a different job title. *See Rebouche v. Deere & Co.*, 786 F.3d 1083, 1088 (8th Cir. 2015) (finding employee with different job title and pay grade was not similarly situated). Thus, Achterberg's argument that she was treated more harshly than a similarly situated employee fails as a matter of law.

(Doc. 74 at 7). To the extent Plaintiff seeks to introduce evidence of that same employee, Albaugh's motion is GRANTED.

**4.   Albaugh's request that Plaintiff not wear her Army uniform during the trial is granted.**

Plaintiff does not oppose this request, and this portion of the motion is GRANTED.

**5.   Evidence concerning the net worth or valuation of defendants or financial disparity of the parties is excluded from the liability/compensatory phase of the trial.**

Albaugh seeks to exclude evidence of its net worth, arguing such evidence is not relevant to Plaintiff's claims. Plaintiff argues this evidence is relevant because she seeks punitive damages. The Court ordered bifurcation of the trial (Doc. 107), and finds that evidence of Albaugh's net worth is inadmissible during the liability/compensatory phase of the trial.

**6.   Evidence of uncalled witnesses equally available to other parties is excluded.**

Plaintiff does not oppose this request, and this portion of the motion is GRANTED.

**7.   Evidence of other lawsuits involving defendants is excluded.**

Plaintiff does not oppose this request, and this portion of the motion is GRANTED.

**8. Witnesses, documents, and information not produced during discovery is excluded.**

Plaintiff does not oppose this request, and this portion of the motion is GRANTED.

**9. "Per diem" arguments regarding Plaintiff's damages is partially admissible.**

Defendant seeks to exclude Plaintiff's counsel from requesting the jury to follow a mathematical or "per diem" type formula in calculating Plaintiff's damages. Plaintiff argues she is seeking lost wages which requires a "per diem" argument, but that she does not intend to make a "per diem" argument for her claim of emotional distress damages.

The Court finds Plaintiff may use a "per diem" type argument for her lost wages damages, but not her claim of emotional distress. The motion is GRANTED IN PART.

**10. "Golden Rule" arguments are excluded.**

Plaintiff does not oppose this request, and this portion of the motion is GRANTED.

**11. Any and all references to punitive damages is excluded from the liability/compensatory phase of the trial.**

Albaugh seeks to exclude references to punitive damages because it states Plaintiff cannot show Albaugh acted with the requisite motive. Plaintiff argues she has a submissible case for punitive damages.

Whether Plaintiff can prove punitive damages is not an issue that can be resolve in a motion in limine. However, because the Court has bifurcated the trial (Doc. 107), references to punitive damages is inadmissible during the liability/compensatory phase of the trial. Accordingly, this portion of the motion is GRANTED IN PART.

**12. Evidence of settlement discussions is excluded.**

Plaintiff does not oppose this request, and this portion of the motion is GRANTED.

**13. Evidence of other verdicts is excluded.**

Plaintiff does not oppose this request, and this portion of the motion is GRANTED.

**14. Request to keep hidden from the jury evidence that has not been offered or admitted into evidence and to remove exhibits from display after it is no longer being used is granted.**

Plaintiff does not oppose this request, and this portion of the motion is GRANTED.

**15. Request for the opportunity to review demonstrative aids and exhibits prior to showing the jury the exhibit is granted.**

Plaintiff does not oppose this request, and this portion of the motion is GRANTED.

**IT IS SO ORDERED.**

Date: <u>November 30, 2017</u>           <u>      /s/ Greg Kays                       </u>
                                         GREG KAYS, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT